UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CALAMAR CONSTRUCTION SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE MASHPEE WAMPANOAG VILLAGE LIMITED PARTNERSHIP, and RAYMOND JAMES AFFORDABLE HOUSING INVESTMENTS, INC.,<br><br>Defendants. | CIVIL ACTION<br>NO. 23-10786-WGY |

YOUNG, D.J.                                                September 19, 2024

**ORDER**

This Court has an independent obligation to inquire sua sponte into its own subject matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). At the September 17, 2024 hearing on the defendants' motions to dismiss, the Court raised the issue, as it must, as to whether the Court has subject matter jurisdiction over this action because there appears to be no diversity under 28 U.S.C. § 1332(a)(1).

Plaintiff Calamar Construction Services, Inc. ("Calamar") has the burden of establishing jurisdiction, and in this action, subject matter jurisdiction is premised solely upon diversity jurisdiction pursuant 28 U.S.C. 1332(a)(1). Am. Compl. ¶ 1. Pursuant to Section 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- . . . citizens of different states...

28 U.S.C.A. § 1332(a)(1). To establish diversity jurisdiction, the parties must be completely diverse. That is, the plaintiffs must be citizens of a different state than all of the defendants. ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).

The presence of a jurisdictionally stateless party, such as an Indian tribe, destroys diversity jurisdiction. Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 27 (1st Cir. 2000) ("[N]otwithstanding the joinder of other diverse parties, the presence of an Indian tribe destroys complete diversity"). Indeed, as the defendant the Wampanoag Village Limited Partnership ("Village LP") correctly points out, albeit in the context of its arguments as to tribal sovereign immunity, "[t]he [Mashpee Wampanoag] Tribe is not a citizen of any state and cannot sue or be sued in federal court under

diversity jurisdiction." Village LP's Mem. Supp. Mot. Dismiss Pl.'s Amend 12, ECF No. 38.

A corollary to this principle is that if a party is a limited partnership, and a partner is an Indian tribe -- a jurisdictional stateless entity -- that limited partnership becomes a stateless party for purposes of diversity jurisdiction, and diversity is destroyed. Said differently, if a limited partnership has a "partner that is either a stateless person or an entity treated like a stateless person, [the Court] would not have diversity jurisdiction over this matter." D.B. Zwirn Spec. Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011); see BRT Mgt., LLC v. Malden Storage, LLC, No. CV 17-10005-FDS, 2023 WL 8719961, at *4 (D. Mass. Dec. 18, 2023) (Saylor, C.J.) ("The citizenship of a general or limited partnership is determined by the citizenship of all of its members.") (citing Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006)). So it is here.

Calamar alleges in its Amended Complaint that Village LP is a Massachusetts limited partnership with two partners: (1) a general partner, "the Mashpee Wampanoag Tribe, a federally recognized Indian Tribe located in Mashpee, Massachusetts," and (2) a limited partner, "RJAHF 11-Wampanoag Village #1 LLC, a Florida Limited Liability Corporation." Am Compl. ¶ 4. On the

[3]

face of the Amended Complaint, the general partner of Village LP is an Indian tribe -- a jurisdictionally stateless entity -- and therefore, the Village LP is, in turn, a jurisdictionally stateless entity.  As the Court ordered at the hearing, there is no diversity jurisdiction under 28 U.S.C. § 1332.  The action was, and is, therefore <u>DISMISSED</u> for lack of subject matter jurisdiction pursuant to Rule 12(h).  The Clerk is directed to enter a separate order of dismissal and close the case.
**SO ORDERED.**

                                              WILLIAM G. YOUNG
                                              DISTRICT JUDGE